IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF THE SEARCH OF

red Apple iPhone, IMEI # 356546102919638

currently located at 2 Monongalia Street, Suite 300

Charleston, West Virginia

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Ambra M. Dunn, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – a cellular telephone—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am employed as a Special Agent (SA) with the United States Department of Justice, Drug Enforcement Administration (DEA), and have been such since graduating from the DEA academy in Quantico, Virginia in January 2019. I am currently assigned to the Charleston District Office, High Intensity Drug Trafficking Area (HIDTA) Group. My current duty assignments includes, but not limited to, investigating complex drug conspiracies and organizations, individuals involved in the possession of and trafficking in controlled substances. Prior to my employment as a Special Agent with the DEA, I was employed as a Police Officer by East Point Police Department in East Point, Georgia, for approximately seven years. During the last two years of my employment with East Point Police Department, I was

assigned to DEA- Atlanta Field Division as a Task Force Officer. I am authorized and have the responsibility to investigate persons for violations of federal law, involving the unlawful distribution of drugs, (21 U.S.C. § 841(a)(1)), attempt and conspiracy to commit the same (21 U.S.C. § 846), money laundering (18 U.S.C §§ 1956 and 1957), and illegal possession of weapons (18 U.S.C. §§ 922 and 924 (c)(1)). In my capacity as a DEA Special Agent, I am authorized to arrest persons for violations of federal law, including for those offenses previously listed.

3. During my law enforcement career, I have investigated drug trafficking offenses, interviewed drug trafficking defendants, informants, and other witnesses to, and participants in drug trafficking activity. I am familiar with the ways in which drug traffickers conduct their business. My familiarity includes the various means and methods by which drug traffickers conduct their business. My familiarity includes the various means and methods by which drug traffickers import and distribute drugs; their use of cellular telephones and calling cards to facilitate drug activity; and their use of numerical codes and code words to conduct drug transactions. I am also familiar with the ways that drug traffickers conceal, convert, transmit, and transport their drug proceeds, including but not limited to, the use of carries to transport currency and proceeds, the use of third parties to purchase or hold the title to assets.

4. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this investigation.

### IDENTIFICATION OF THE CELLULAR TELEPHONE TO BE EXAMINIED

5. The cellular telephone to be examined (hereinafter "SUBJECT TELEPHONE") is described more fully below and in Attachment A. The SUBJECT TELEPHONE was seized during the probable cause arrest of KENTRELL MCKENZIE on February 9, 2022, on I-77 Southbound near the 137 mile marker Ripley, West Virginia, during a traffic stop. THE SUBJECT TELEPHONE is currently located at 2 Monongalia Street, Suite 300, Charleston, West Virginia.

6. SUBJECT TELEPHONE is a red Apple iPhone, IMEI # 356546102919638, and encased in a clear colored protective case.

7. SUBJECT TELEPHONE was recovered from the backseat of the vehicle where KENTRELL MCKENZIE had been sitting.

8. The applied-for warrant would authorize the forensic examination of the SUBJECT TELEPHONE for the purpose of identifying and recovering electronically stored data particularly described in Attachment B.

### PROABLE CAUSE

9. On February 9, 2022, Officer Aaron Cullen of Ripley Police Department, while conducting interdiction sitting stationary at I-77 South bound at 138 mile marker in the city of Ripley, West Virginia, observed a dark colored SUV pass by his patrol vehicle without functioning registration plate lights. Because he could not determine whether the vehicle had a registration, Officer Cullen departed from his stationary position and pulled out behind the vehicle in order to conduct a traffic stop. Upon Officer Cullen catching up to the vehicle at near 137 mile marker of I-77 South bound, he initiated a traffic stop on the vehicle. Upon the vehicle stopping, Officer Cullen was able to observe the registration plate of the vehicle.

3

Officer Cullen approached the front passenger side of the vehicle and immediately smelled a strong odor off marijuana emanating from the vehicle and observed three occupants in the vehicle. Officer Cullen obtained the driver's identification and registration to the vehicle, both of which came back clear. Officer Cullen asked the driver to exit the vehicle and advised her that he could smell marijuana coming from the vehicle. The driver of the vehicle stated that there had been some marijuana in the car previously and that there was a "roach" in the vehicle. Due to the strong odor of marijuana emanating from the vehicle, officers removed the remaining two vehicle occupants and conducted a probable cause search of the vehicle. During the search of the vehicle, officers located and seized approximately 496.4 gross grams of suspected methamphetamine packaged in an unopened clear vacuum-sealed bag and concealed inside the center console under the gear shift of the vehicle.

10. The suspected methamphetamine was field tested with a positive result for the presence of methamphetamine. The back seat occupant of the vehicle was identified as Kentrell MCKENZIE, who advised officers that the methamphetamine belonged to him. MCKENZIE was then advised of his Miranda rights. MCKENZIE admitted that the methamphetamine came from Parkersburg, West Virginia, and stated that the two other individuals who occupied the vehicle had nothing to do with it. Officers located and seized the SUBJECT TELEPHONE from the backseat of the vehicle where MCKENZIE had been sitting.

11. I know from my training and experience that drug traffickers use cellular telephones to facilitate their illegal activities. Consequently, information stored in a drug trafficker's cellular telephone will constitute evidence of those activities. For example, the digital memory of cellular telephones will contain records of placed and received calls and text messages,

contact lists of customers, suppliers, and other confederates, notes of drug debts paid and owed, location information relevant to places where drugs and drug proceeds are stored, photographs of drugs, drug proceeds, and individuals involved in the drug trafficking activities along with other relevant information. Unless intentionally deleted, cellular telephones retain that information indefinitely. The SUBECT TELEPHONE has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the SUBJECT TELEPHONE first came into the possession of the DEA.

## TECHNICAL TERMS

12. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a. Cellular telephone: A cellular telephone (or mobile or wireless telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communications with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log" which records the telephone number, date and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information form the Internet.

5

Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

13. The SUBJECT TELEPHONE is a cellular telephone. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

14. Based on my knowledge, training and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensic tools.

15. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant but also forensic evidence that established how the SUBJECT TELEPHONE was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the SUBJECT TELEPHONE because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Forensic evidence on a device can also indicate who has used or controlled the SUBJECT TELEPHONE. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

6

b. A person who has appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use who used them, and when.

c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether electronically stored information is evidence may depend on other information stored on the device and the application of knowledge about how electronically stored data works. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when sometimes it is necessary to establish that particular thing is not present on a storage medium.

16. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the SUBJECT TELEPHONE consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

17. Because this warrant seeks only permission to examine a device already in law enforcement possession, the execution of this warrant does not involve the physical intrusion onto a

premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

18. Based upon the information set forth herein, KENTRELL MCKENZIE has committed violations of 21 U.S.C § 846, that is, conspiracy to distribute controlled substances, and 21 U.S.C. § 841, that is, possession of a controlled substance with intent to distribute. Further, there is probable cause that evidence of those offenses (described in Attachment B) are currently contained with the memory of the SUBJECT TELEPHONE described in Attachment A.

Respectfully submitted,

Ambra M. Dunn
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me by telephone or other reliable means on March 16, 2022:

DWANE L. TINSLEY
UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A

1. SUBJECT TELEPHONE is a red Apple iPhone, IMEI # 356546102919638, with a clear colored protective case.

2. SUBJECT TELEPHONE is currently located at the Drug Enforcement Administration office at 2 Monongalia Street, Suite 300, Charleston, West Virginia. This warrant authorizes the forensic examination of the SUBJECT TELEPHONE for the purposes of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violation of Title 21 U.S.C. §§ 841, 843(b), and 846 and involving KENTRELL D. MCKENZIE, including:

    a. Lists of customers and related identifying information;

    b. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    c. Any information related to sources of drugs (including names, addresses, phone numbers, or other identifying information);

    d. Any information recording schedule or travel;

    e. Records of drug-related financial transactions.

2. Evidence of user attribution showing who used or owned the SUBJECT TELEPHONE at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved passwords, documents, and browsing history;

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of

computer or electronic storage (such as flash memory or other media that can store data) and photographic form.

4. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the DEA may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.